IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE P. HAYES, Plaintiff, v. GUGLIELMINETTI, et al., Defendants. | No. 2:25-CV-1340-TLN-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

In the caption of the complaint, Plaintiff names the following as defendants: (1) Sgt. Guglielminetti; (2) Sgt. Dettling; (3) Chaplain Patrick; and (4) Sgt. Sorvetti. See ECF No. 1, pg. 1. Plaintiff alleges all defendants are employees of the Solano County Sheriff's Department. See id. at 1-25. Not listed in the caption but named in the body of the complaint as defendants are Thomas Ferrara, the Solano County Sheriff, and Sgt. White. See id. at 6, 13. Plaintiff alleges six claims for relief. See id.

Claim I

Plaintiff's first claim alleges constitutional violations due to illegal search of his living quarters and seizure of religious material by Defendants Guglielminetti, Dettling, and Sorvetti, who are alleged to be Solano County Sheriff's deputies. See id. at 1-3. Plaintiff alleges that when he left his assigned jail cell to attend court on September 17, 2024, defendants (unspecified) unlawfully searched his jail cell and seized one Hebrew book described as "Book of Yahweh." Id. at 3. Plaintiff describes the Hebrew book as "expensive and unique" that he personally paid for, and defendants "unlawfully" seized it without prior consent or a "Due Process hearing." Id. Plaintiff asserts defendants authorized the Hebrew book when their "very own 'Sgt. Ammerman'" personally handed the book to Plaintiff and notated it on Plaintiff's

property card approximately two years prior to seizure. Id. at 3, 7. Consequently, Plaintiff claims defendants "violated Plaintiff's right to not be deprived of personal property without due process of law under the Fifth and Fourteenth Amendment to the United States Constitution." Id. at 3. Plaintiff contends defendants acted "knowingly, willfully, maliciously, and with 'reckless and callous disregard for Plaintiff's federally protected rights.'" Id. at 4. Plaintiff claims direct and proximate damages from the loss of religious liberty, invasion of privacy, emotional distress, loss of property, property damage, and financial loss from being "unable to keep the Holy Feasts of Yahweh, according to the Holy Scriptures written inside the Book of Yahweh" that he asserts to have paid for and was authorized to have. Id. at 3.

Claim II

Plaintiff's second claim alleges municipal liability through Fifth and Fourteenth Amendment violations due to illegal search of his living quarters and seizure of religious material by sheriff deputies under policy of Defendant Ferrara, Sheriff of Solano County. Id. at 6-7. Plaintiff asserts Defendant Ferrara established "customs, practices, and policies" on a date unknown of "confiscating personal property from 'Pre-trial Detainees' without due process of law." Id. at 7. Plaintiff contends that he is a pre-trial detainee not convicted of any crime and "has a Constitutional right to the 'Free Exercise of Religion'" and to not be "deprived of personal property after paying for [the Hebrew book] and being approved to have it." Id. at 8. Plaintiff claims direct and proximate damages, same as Claim I. See id. As to Claim II, though Plaintiff alleges an improper municipal policy, custom, or practice, he does not name a municipal entity as a defendant to this action.

Claim III

Plaintiff's third claim alleges First and Fourteenth Amendment violations of "Free Exercise of Religion" due to prohibition of correspondence with religious entities, seizure of religious material, and discontinuation of his kosher diet by Defendant Ferrara. Id. at 9-10. Plaintiff alleges from September 5, 2022, to present date, sheriff deputies "unlawfully prohibited Plaintiff from receiving religious materials and correspondence from Religious leader and/or the [publisher] House of Yahweh." Id. at 9, 22. Plaintiff asserts that, on November 27, 2023,

Defendant Ferrara implemented a policy to block such materials. Id. at 22. As with Claim II, Plaintiff contends on September 17, 2024, sheriff deputies "unlawfully" seized his Hebrew book under the policy of Defendant Ferrara. Id. at 10. Plaintiff alleges that, shortly after seizure of his Hebrew book, the Stanton Correctional Facility discontinued Plaintiff's kosher meal diet he describes as "a requirement to adhere to the Laws of the Hebrew faith." Id. Plaintiff attributes these events to "customs, practices, and policies" of Defendant Ferrara, and describes them as "deliberate indifference" to "Free Exercise of Religion" for those who are pre-trial detainees without criminal conviction. Id. Plaintiff claims direct and proximate damages, same as Claim I. See id.

Claim IV

Plaintiff's fourth claim alleges Fifth and Fourteenth Amendment violations by Defendants Guglielminetti, Dettling, Sorvetti, White, Patrick (chaplain), and Doe (unknown) for conspiring to seize religious material from Plaintiff to prevent him from practicing his religion. See id. at 12. Plaintiff contends all defendants conspired on September 17, 2024, but does not describe how defendants conspired nor outline any details beyond those under Claim I. See id. at 13. Plaintiff alleges that the conspiracy led to the illegal search of his living quarters and seizure of his religious materials described under Claim I. See id. Plaintiff claims direct and proximate damages same as Claim I with the addition that "Plaintiff has suffered and will continue to suffer extreme hardship . . . in that Defendants are continuing the conspiracy." Id. at 14.

Claim V

Plaintiff's fifth claim alleges Fifth and Fourteenth Amendment violations by Defendants Guglielminetti, Dettling, Sorvetti, White, Patrick, and Doe for conspiring to seize religious material from Plaintiff and deny him equal protection of laws. See id. at 17. Plaintiff relies on the same factual allegations from preceding claims, while adding that he paid cash for the Hebrew book, to assert equal protection violations. See id. at 18. Plaintiff claims direct and proximate damages, same as Claim IV. See id. at 20.

/ / /

/ / /

Claim VI

Plaintiff's sixth claim alleges a violation of 42 U.S. C. § 2000 under the "Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)" by Defendants Ferrara, White, Guglielminetti, Dettling, Sorvetti, and Patrick. Id. at 22. Plaintiff cites to the blocking of religious correspondence, seizure of religious material, and discontinuing of his kosher meal diet. See id. at 22-23. Plaintiff contends his Hebrew book has not proven to "pose any substantial threat to public safety, peace, or order" and no state regulation blocks his access to it. Id. at 23. Plaintiff further contends "the literature creates a clear and present danger of a breach of security or discipline or some other substantial interference with the orderly functioning of the institution." Id.

Plaintiff asserts defendants subsequently removing him off his kosher diet to a "lacto-ovo" diet shows "that this was indeed an attack on Plaintiff's 'free exercise of religion.'" Id. Plaintiff describes his Hebrew faith requires that he maintain a "kosher diet" and contends that "a denial to participate in the kosher meal program violates his First and Fourteenth Amendments . . . as well as the Religious Land Use Institutionalized Persons Act of 2000." Id. Plaintiff cites to Beerheide to contend, "It is a clearly established law in this circuit that prisoners have a constitutional right to a diet conforming to their sincerely held religious beliefs, unless denying the diet is reasonably related to legitimate penological interests." Id. at 23-24 (citing Beerheide v. Suthers, 286 F.3d 1184, 1185 (10th Cir. 2002).

Plaintiff attributes the relevant customs, practices, and policies to Defendant Ferrara, and the acts to remaining defendants. See id. at 24. Plaintiff contends these to be violations of his "'Free Exercise of Religion' under the First and Fourteenth Amendments to the United States Constitution." Id. Plaintiff claims direct and proximate damages, same as Claim I. See id.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

This Court finds that Plaintiff's religious exercise claims under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) are cognizable against all named defendants. Plaintiff's remaining claims are defective for the reasons discussed below.

### A. Due Process – Seizure of Property

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

/ / /

/ / /

/ / /

Here in the present complaint, Plaintiff's first, second, and third claims allege all named defendants deprived him of a Hebrew book and correspondence with religious entities. Plaintiff sufficiently establishes a property interest in these items. Plaintiff personally paid for the Hebrew book, was handed it by a Solano County Sheriff Deputy, and was in possession of it for approximately two years prior to seizure on September 17, 2024. This is also supported by documentation on Plaintiff's property card, meaning it was properly registered to him. Plaintiff also establishes a property interest in his correspondence with religious entities because the correctional facility evidently allowed him to have this correspondence prior to an alleged policy update by Defendant Ferrara on November 27, 2023. Previous reliance confers Plaintiff an interest in this correspondence, especially given it relates to religious practice and is presumptively appropriate for a prisoner to have. Further, Plaintiff's assertion that he is a pre-trial detainee that has not been convicted of a crime suggests correctional officials did not have existing or new cause to deprive him of his property. Accordingly, Plaintiff has the requisite property interest to invoke due process protection.

However, given Plaintiff alleges an unlawful deprivation of property action by correctional officials, Plaintiff has a state common law tort claim available. This state common law tort claim qualifies as an adequate post-deprivation remedy that precludes a federal claim under 42 U.S.C. § 1983. Even if a state common law tort claim does not provide identical relief to § 1983, it may still be adequate to provide Plaintiff relief. To be clear, while the merits of the claim may suffice, a federal claim under § 1983 is not the proper cause of action for Plaintiff to pursue.

Thus, the undersigned finds that Plaintiff's due process claim based on deprivation of property is not cognizable.

**B. Conspiracy – Deprivation of Religious Practice Rights**

42 U.S.C. § 1985(3) "provides a cause of action if *two or more* persons conspire to deprive an individual of his constitutional rights. Pasadena Republican Club v. W. Just. Ctr., 985 F.3d 1161, 1171 (9th Cir. 2021). To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of person of the equal protection of

the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. Gillepsie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some . . . class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102. "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

Here in the present complaint, Plaintiff has not alleged sufficient facts to show that the defendants actually entered into a conspiratorial agreement to deprive Plaintiff of his religious practice rights. Beyond alleging that the conspiracy formed on September 17, 2024, Plaintiff does describe any communications, coordinated efforts, or otherwise a "meeting of the minds." The actions of multiple defendants in the seizure of religious material does not alone suffice because, absent evidence of a coordinated intent to deprive equal protection, they may very well be correlative instead of causal. Further, while the implementation of a policy may provide some weight, that policy is unspecified and does not necessarily create an invidiously discriminatory animus. The claim is currently an allegation of conspiracy without factual specificity.

Thus, the undersigned provides Plaintiff leave to amend this claim in an amended complaint by offering evidence that remedies the aforementioned.

## III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An

amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefore, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated: July 15, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE