**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LAWRENCE P. HAYES,

Plaintiff,

v.

GUGLIELMINETTI, et al.,

Defendants.

No. 2:25-cv-1340-TLN-ICD-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

On July 15, 2026, the Court issued an order addressing the sufficiency of Plaintiff's complaint. ECF No. 9. In that order, the Court determined that Plaintiff states cognizable claims against all named defendants under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA). See id. at 6. The Court also found that Plaintiff's due process claims related to seizure of property and Plaintiff's conspiracy claim were not cognizable as pleaded. Id. at 6-8. Plaintiff was provided an opportunity to file an amended complaint and advised that, if no amended complaint was filed within the time permitted therefor, the Court

would issue such further orders and findings and recommendations as are necessary to dismiss the claims found not cognizable and to direct service on Plaintiff's cognizable First Amendment and RLUIPA claims. Id. at 8-9. The time allowed for an amended complaint has passed and Plaintiff has not filed an amended complaint. The Court will, therefore, recommend dismissal of Plaintiff's due process and conspiracy claims. By separate order, the Court will direct Plaintiff to submit the paperwork necessary for service of process by the United States Marshal.

Based on the foregoing, the undersigned recommends as follows:

1. This action proceed on Plaintiff's original complaint as to his claims against all named defendants under the First Amendment and RLUIPA.

2. Plaintiff's due process and conspiracy claims be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE